OPINION OF THE COURT
Alexander, J.
Evidence derived from an intercepted communication must be suppressed where there has been a failure to comply with the notice provision of CPL 700.70, and where there has been neither an application for an extension of time within the 15 days provided in that statute nor a showing of good cause for noncompliance and lack of prejudice to defendant.
In March of 1981, the Chautauqua County Drug Task Force began investigating the drug trafficking activities of Gary Hemphill and in connection therewith an undercover police officer made two purchases of LSD from Hemphill. In an effort to gain access to Hemphill’s supplier, the undercover police officer made arrangements with Hemphill to purchase a large quantity of drugs.
In furtherance of the investigation, the Chautauqua County District Attorney applied for and was issued an eavesdropping warrant on Hemphill’s telephone. Conversations between Hemphill and defendant pertaining to drugs were recorded and on September 18, 1981, Hemphill sold the undercover police officer 10,000 "hits” of LSD that he had purchased from defendant in Cattaraugus County. Hemphill was arrested, and as part of a plea agreement gave testimony before a Cattaraugus County Grand Jury that implicated defendant.
Defendant was subsequently indicted by the Cattaraugus County Grand Jury for criminal sale of a controlled substance *148 in the second degree (Penal Law §220.41 [4]) and was arraigned on September 22, 1982. Copies of the eavesdropping application and warrant were not served on defendant until November 23, 1982, 61 days after defendant was arraigned. On February 8, 1983, defendant moved to suppress the tapes, for, among other things, failure to comply with CPL 700.70.[1] In opposing the motion the People contended that there was “good cause” for the delay in that they had been erroneously informed by the Chautauqua County Task Force that the application and warrant had been served on defendant and when the error was discovered, service was promptly made. Moreover, they argued that defendant was not prejudiced by the delay because he had been aware at all times of the existence of the tapes and knew that the wiretap evidence would be introduced against him. The motion to suppress was denied following a hearing and defendant was thereafter convicted, upon a jury verdict, and sentenced.
On appeal from the judgment of conviction, the Appellate Division reversed the conviction on the law, granted the motion to suppress and ordered a new trial. The People have appealed by leave of a judge of this court.
I
We begin our discussion by reaffirming that there must be strict compliance with the provisions of New York’s eavesdropping statute (CPL art 700) and that the burden of establishing such compliance rests with the prosecution (People v Gallina, 66 NY2d 52, 57; People v Basilicato, 64 NY2d 103; People v Washington, 46 NY2d 116, 121-122; People v Sher, 38 NY2d 600, 603-605; People v Mark, 68 AD2d 315, 318). As we observed in People v Washington (46 NY2d, at pp 121-122, supra) ”[o]ur interpretation of article 700 must be sensitive to the constitutional guarantees against search and seizure that the statute seeks to protect. The insidiousness of electronic surveillance threatens the right to be free from unjustifiable *149 governmental intrusion into one’s individual privacy to a far greater extent than the writs of assistance and general warrants so dreaded by those who successfully battled for the adoption of the Bill of Rights (Olmstead v United States, 277 US 438, 476, 478 [Brandeis, J., dissenting])”. It is imperative, therefore, that "article 700 and all its integral parts [not] be treated lightly or with cavalier disregard” (People v Mark, 68 AD2d 315, 318, supra) and that law enforcement officials be sensitive to the fact that there must be meticulous adherence to the terms of the warrant and the statute pursuant to which it issued (see, People v Washington, 46 NY2d, at p 124, supra). In sum, "the requirements of article 700 * * * must be strictly complied with [and i]n the absence of compliance, the State officials lack authority to wiretap, and any interceptions they make are unlawful, and any evidence derived from the wiretap is inadmissible” (People v Sher, 38 NY2d, at p 604, supra). The failure of the People here to comply with CPL 700.70 requires suppression of the evidence obtained through the wiretap. Therefore, there should be an affirmance of the Appellate Division order.
II
CPL 700.70 prohibits the receipt in evidence or the disclosure otherwise upon the trial of a defendant of the "contents of any intercepted communication, or evidence derived therefrom * * * unless the people, within fifteen days after arraignment and before the commencement of the trial, furnish the defendant with a copy of the eavesdropping warrant, and accompanying application, under which interception was authorized or approved.”
It is undisputed that defendant was not furnished with a copy of the eavesdropping warrant and application until 61 days following his arraignment. Nevertheless, the People contend that there was "substantial” compliance with the statute, and in reliance upon the last sentence of CPL 700.70, which provides that the "fifteen day period may be extended by the trial court upon good cause shown if it finds that the defendant will not be prejudiced by the delay in receiving such papers”, argue that they have made a sufficient demonstration of “good cause” to warrant extension of the 15-day period. They argue moreover, that since the purpose of CPL 700.70 is to notify a defendant that his conversations obtained pursuant to an eavesdropping warrant are to be used against him and *150 to afford him an opportunity to move to suppress them, here, where defendant clearly was aware of the taped conversations and had ample opportunity to move for their suppression, he was not prejudiced by the delay and therefore, exclusion is not warranted. The People urge that the "good cause” requirement of CPL 700.70 should be analogized to the "good cause” requirement of CPL 710.30, where it has been held that the defendant’s actual knowledge of the information that is the subject of the notice requirement constitutes good cause to excuse untimely service. They offer as the reason for the delay here the fact that the police agency of another jurisdiction which had conducted the investigation erroneously advised that the documents had been served. We reject these arguments.
We reject the contention that good cause, such as would warrant an extension of the 15-day period, has been demonstrated. We note that the People did not move for an extension of time prior to the expiration of the 15-day period, nor did they affirmatively seek to excuse their failure to comply with the statute. It has been suggested that "[t]he better procedure, where compliance cannot be satisfied, is for the prosecutor to seek an extension of time prior to the expiration of the statutorily authorized fifteen days” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 700.70). The language of CPL 700.70 provides that the "fifteen day period may be extended” (emphasis supplied) and thus contemplates that an application be made prior to the expiration of the statutory period. This is made clear when that language is compared to the different language used in CPL 710.30 (2),[2] where the court is authorized to "permit the people to serve such notice thereafter” (emphasis supplied). The fact that the Legislature has seen fit to use markedly different language in the two provisions clearly indicates an intent that the two statutes be interpreted differently.[3] And while it may *151 be "that the notice requirements of CPL 700.70 and CPL 710.30 serve the same purpose of alerting criminal defendants to the existence of evidence that could be introduced against them at trial so that a timely decision may be made about whether to file a motion to suppress such evidence [that fact does not] warrant altering the plain language of CPL 700.70” (People v Basilicato, 64 NY2d 103, 118, supra). Indeed, to import the provisions of 710.30 wholesale into 700.70 would render the 15-day "timeliness requirement a nullity, in violation of accepted canons of statutory construction” (People v Gallina, 66 NY2d 52, 56, supra; see, McKinney’s Cons Laws of NY, Book 1, Statutes § 231).
The justification belatedly offered by the People for their delay in serving the documents is insufficient as a matter of law to excuse their noncompliance with the provisions of CPL 700.70. The fact that the documents were in the custody of law enforcement officials in another county and that those officials had incorrectly advised the People that the wiretap documentation had been timely served upon defendant cannot constitute "good cause” for failure to comply with CPL 700.70. A "prosecutor’s office * * * is the spokesman for the Government” (Giglio v United States, 405 US 150, 154) and the left hand should be aware of what the right hand has or has not done (Santobello v New York, 404 US 257, 262). What was served upon defendant by the Chautauqua County District Attorney apparently was the notice required by CPL 700.50 and since more than a year had elapsed between the discontinuance of the wiretap on Hemphill’s phone and defendant’s indictment and arraignment, there was more than ample time for the People to ascertain the accurate facts had they made diligent inquiry. Thus, the misinformation conveyed by the officials of a neighboring county cannot reasonably be held to excuse the People’s noncompliance with CPL 700.70.[4]
Finally, the fact that defendant had actual knowledge of the wiretap, standing alone, is insufficient to excuse noncompli *152 anee with the unambiguous requirements of CPL 700.70. As we recently noted in People v Basilicato (64 NY2d 103, 117, supra), "[CPL 700.70] require[s] a showing oí both lack of prejudice and good cause for the delay”. Even if defendant’s knowledge could establish lack of prejudice, it does not satisfy the "good cause” requirement.
Accordingly, the order of the Appellate Division should be affirmed.[5]
Chief Judge Wachtler and Judges Meyer, Simons, Kaye and Titone concur; Judge Hancock, Jr., taking no part.
Order affirmed.

. CPL 700.70 provides: "The contents of any intercepted communication, or evidence derived therefrom, may not be received in evidence or otherwise disclosed upon a trial of a defendant unless the people, within fifteen days after arraignment and before the commencement of the trial, furnish the defendant with a copy of the eavesdropping warrant, and accompanying application, under which interception was authorized or approved. This fifteen day period may be extended by the trial court upon good cause shown if it finds that the defendant will not be prejudiced by the delay in receiving such papers.”

. CPL 710.30 provides for notice within 15 days of arraignment of statements or identification evidence that the People intend to offer at trial. Subdivision 2 states: "Such notice must be served within fifteen days after arraignment and before trial, and upon such service the defendant must be accorded reasonable opportunity to move before trial, pursuant to subdivision one of section 710.40, to suppress the specified evidence. For good cause shown, however, the court may permit the people to serve such notice thereafter and in such case it must accord the defendant reasonable opportunity thereafter to make a suppression motion.”

. We note that both statutes were amended contemporaneously by the *151 Legislature in 1976 (L 1976, ch 194, §§ 2, 3) and conclude that the use of different language was purposeful.

. The People’s argument that defendant’s suppression motion was untimely pursuant to CPL 255.20 is without merit. That section provides that pretrial motions in an action in which an eavesdropping warrant and application have been furnished shall be served or filed within 45 days after the date of service of the eavesdropping documentation. In the instant case, the People expressly agreed to defendant’s request for an adjournment, and thereby waived any objection.

. We note that the prosecutor has conceded that several of his remarks in summation were better left unsaid. We trust therefore that they will not be repeated, should there be a retrial.