(July 11, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES C. MULLEN, Appellant.—Per Curiam. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered April 28, 1981, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

When this appeal was previously before us (152 AD2d 260), we withheld decision and remitted to County Court for hearings on whether the electronic surveillance evidence against defendant obtained pursuant to an eavesdropping warrant should be suppressed and whether a certain statement of defendant to a Federal Drug Enforcement Administration agent should be suppressed both as evidence-in-chief and for impeachment purposes.

The hearings we directed were held by County Court, following which the court rendered its decision in writing. Upon review of the record of those proceedings and further argument, we agree with County Court's resolution of the issues. Notably, County Court correctly concluded that the People failed, as a matter of law, to establish good cause for not complying with the requirements of CPL 700.70 and that such failure requires the suppression of the wiretap evidence (see, People v Schulz, 67 NY2d 144).

Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur. Ordered that the judgment is reversed, on the law, motion to suppress evidence obtained through the eavesdropping warrant granted, and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this court's decision.