OPINION OF THE COURT
Alexander, J.
The People appeal by leave of a Judge of this Court from three orders of the Appellate Division which reversed, on the law, three judgments of Ontario County Court convicting defendant, upon his guilty plea, of first degree criminal possession of a controlled substance, third degree criminal sale of a controlled substance and first degree criminal possession of stolen property and granted defendant’s motion to suppress all evidence obtained as the result of eavesdropping warrants and search warrants. The Appellate Division concluded that the People failed to comply with the notice mandate of CPL 700.70. Inasmuch as we disagree for the reasons that follow, there should be a reversal.
I
Defendant’s conviction in Ontario County for drug-related offenses grew out of a narcotics trafficking investigation in adjoining Wayne County. An eavesdropping warrant authorizing the interception of conversations on a telephone listed to Noemi Dessis-Carbuccia (Carbuccia warrant) was issued on May 30, 1984 by Wayne County Judge Carmen R. Parenti. The warrant application included the affidavit of State Police Investigator William Freeman and numerous attachments, including a seven-page statement of a confidential informant. Because the investigation was continuing and the identity of *211 the informant was readily discernible from the detailed information contained in the statement, Judge Parent! directed that the informant’s statement be sealed to protect the informant and avoid compromising the on-going investigation. Thus, the warrant specifically directed that the statement remain sealed "until further order of a Court having jurisdiction to order disclosure thereof.” The warrant provided further that "no person who shall gain knowledge of the existence or contents of the Ex Parte Order shall thereafter divulge such information to any unauthorized individual under pain of contempt of this Court.”
As part of the continuing investigation, on June 25th, Ontario County Judge Frederic T. Henry, Jr. issued an eavesdropping warrant authorizing interception of conversations on the telephone of Samuel K. Tambe.[1] The June 25th warrant incorporated by reference the May 30th Carbuccia warrant.
The Carbuccia warrant was thereafter extended on June 29th. Thereafter, Judge Parent! issued search warrants authorizing searches of defendant and his two automobiles. These search warrants were executed on July 5th as defendant was returning to Ontario County from New York City. Fourteen ounces of cocaine were discovered in the car defendant was driving. He was arrested and subsequently indicted for criminal possession of a controlled substance in the first degree. Two other indictments were also filed against defendant, charging him with criminal sale of a controlled substance in the third degree and criminal possession of stolen property in the first degree.
Defendant was arraigned on all three indictments in Ontario County on August 29th. At arraignment, the People provided defense counsel with copies of the May 30th Carbuccia warrant, the June 25th Tambe warrant and the June 29th extension of the Carbuccia warrant. Counsel was also provided with all the accompanying applications for each warrant as well as the numerous exhibits submitted to the issuing courts. The only document not turned over was the seven-page statement of the confidential informant which had been sealed by Judge Parenti’s order. In total, almost 300 pages of documents and exhibits were furnished to defense counsel.
Within the 45-day period limited by CPL 255.20, defendant *212 sought suppression of all property and evidence seized as a result of information derived from the eavesdropping warrant, contending that the People had failed to comply with CPL 700.70 because they did not furnish the seven-page informant’s statement. Defendant argued that inasmuch as the issuing Judge considered and relied upon that statement in authorizing the eavesdropping warrant, it was necessary that the information establishing the existence and reliability of the informant and the reliability of the information provided by the informant be supplied. He argued that because this was not done, the reliability and identity of the informant could not be determined; thus, failure to furnish the statement within 15 days of arraignment was a violation of CPL 700.70.
Instead of conducting a hearing on the suppression motion, Ontario County Court Judge George A. Reed, under constraint of People v Romney (77 AD2d 482 [4th Dept]), transferred the motion to Judge Parenti, the issuing Judge. On January 11, 1985, Judge Parenti held a probable cause hearing. He concluded that the statement of the confidential informant was not germane to defendant’s case,[2] that there was sufficient probable cause for the eavesdropping warrant even in the absence of the confidential informant’s statement, that there also was probable cause for the search warrants issued and that all of the statutory requirements of CPL article 700 had been met. Defendant’s motion to suppress was denied and he subsequently pleaded guilty to the crimes charged.
On defendant’s appeal, the Appellate Division reversed the conviction, on the law, granted the motion to suppress and vacated defendant’s plea.
11
In People v Schulz (67 NY2d 144), we reaffirmed the need for "strict compliance with the provisions of New York’s eavesdropping statute” (id., at 148) and held that "where there has been a failure to comply with the notice provisions *213 of CPL 700.70, and * * * neither an application for an extension of time within the 15 days provided in that statute nor a showing of good cause for noncompliance and lack of prejudice to defendant” (id., at 147), evidence derived from an intercepted communication must be suppressed (see, CPL 700.70).[3] We again noted "[t]he insidiousness of electronic surveillance [which] threatens the right to be free from unjustifiable governmental intrusion into one’s individual privacy” and, citing People v Washington (46 NY2d 116, 124), concluded that "law enforcement officials [must] be sensitive to the fact that there must be meticulous adherence to the terms of the warrant and the statute pursuant to which it [was] issued” (id., at 148-149). We have imposed this requirement of meticulous compliance with the eavesdropping statute as being consistent with the mandate of the Legislature. The statutory provision that "a copy of the eavesdropping warrant, and accompanying application” does not provide us with sufficient guidance, however, to determine whether the Legislature would require that documents sealed by court order — a special category of accompanying material — be disclosed as well.
Applying the principle enunciated in Schulz without discussion or analysis of its relevance to the facts of this case, the Appellate Division concluded that the failure of the People to furnish this defendant with the sealed affirmation of the confidential informant, or to seek an extension of time within the 15 days provided by statute, violated CPL 700.70. Thus, the Appellate Division felt compelled to suppress all evidence derived from information flowLig from the Carbuccia eavesdropping warrant. We disagree and conclude that the provisions of CPL 700.70 were not violated in the circumstances of this case.
A primary purpose of the notice requirement of CPL 700.70 is to "alert * * * criminal defendants to the existence of evidence that [can] be introduced against them at trial so that a timely decision [can] be made about whether to file a motion *214 to suppress such evidence” (see, People v Basilicato, 64 NY2d 103, 118; see also, People v Schulz, 67 NY2d 144, 151, supra; Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 700.70, at 525).
There is no dispute that all the extensive attachments to the eavesdropping warrants and the extension, other than the sealed statement, were turned over to defendant at arraignment. Additionally, it is undisputed that the existence of the sealed statement and its general contents were made known by the affidavit of Investigator Freeman[4] in the warrant application. Defendant was given ample opportunity to, and in fact did, seek suppression of the eavesdropping warrant. Accordingly, the purpose of the 15-day statutory service requirement (L 1976, ch 194, § 2)[5] to facilitate the service and filing of all pretrial motions within 45 days after arraignment or within 45 days after service of the papers pursuant to CPL 700.70, was accomplished (see, CPL 255.20 [1]). Defendant argues, however, and the Appellate Division, citing our discussion in People v Schulz (67 NY2d 144, supra), agreed that by not turning over the sealed statement, the People failed to strictly comply with the provisions of CPL 700.70.
Our holding in Schulz, however, does not require suppression in the circumstances of this case. Schulz involved a complete failure of the People to turn over the eavesdropping warrant and application to the defendant until 61 days after his arraignment. We rejected the People’s excuse for the total failure to comply. By contrast, here there was full compliance save for the confidential informant’s statement which had been ordered sealed by the issuing Magistrate and the content of which was substantially revealed by Investigator Freeman’s affidavit. The question here then is whether a balance may properly be struck between the notice and disclosure requirements of CPL 700.70 and the competing need to protect the identity of informants for their own well-being as well as to ensure the flow of information to the police in aid of their effort to combat crime.
*215 Defendant concedes that there are circumstances where the identity of an informant used in an application for an eavesdropping warrant may properly be withheld from the defense. He argues, however, that the People’s failure to turn over the informant’s statement prevented him from presenting an informed challenge, to the validity of the eavesdropping warrant for lack of probable cause; that inasmuch as the issuing Magistrate relied upon that statement, he had a right to its disclosure.
We have noted that where the disclosure of the identity of an informant is pertinent to establishing probable cause for arrest and search, an ex parte in camera hearing with respect to the existence of the informant and the alleged communication from that person strikes a proper balance between the defendant’s rights and the competing interests of the State. However, where the defendant’s guilt or innocence is at issue, disclosure of the informant’s identity should not be resolved in an ex parte proceeding (see, People v Goggins, 34 NY2d 163, 168; People v Darden, 34 NY2d 177, 181). Here, in response to defendant’s motion to suppress, Judge Parenti concluded that the issue before him was whether probable cause existed for the issuance of the eavesdropping warrant and the subsequent search warrant, not defendant’s guilt or innocence. Thus, he ruled that it was not necessary to reveal the identity of the informant or the content of the statement in order to resolve the probable cause issue. Judge Parenti determined upon examining the statement that it was not germane to defendant. He found probable cause for issuance of the warrant, even without consideration of the sealed affirmation; that the information contained in that document referred to persons other than defendant, and that the information implicating defendant came from another informant, Munoz, whose identity was disclosed and whose affidavit implicating defendant and transcripts of telephone conversations[6] between them, all of which were attached to the warrant application, detailed Munoz’s involvement with defendant in the purchase and sale of narcotics on a local college campus.
This ex parte determination by Judge Parenti was not impermissible under existing precedent (see, People v Mullen, 152 AD2d 260; People v Leale, 151 AD2d 611, lv denied 75 NY2d 869, lv denied upon reconsideration 76 NY2d 738; *216 People v Rumpel, 111 AD2d 481). Such a determination by a hearing court should not be shielded from appellate review by not including the sealed statement with the record, however, because if it were determined that the statement was relevant to the determination of probable cause, in the absence of other compelling reasons for nondisclosure, the failure to provide it to the defendant may require suppression. The statement was not included in this record; thus, neither the Appellate Division nor this Court has been afforded an opportunity to review the determination of relevancy and probable cause. Indeed, the Appellate Division reversed defendant’s conviction "on the law” based on the People’s violation of CPL 700.70 and did not consider the factual findings of the hearing court. Inasmuch as we disagree with this legal determination, there must be a remittal to that court for a determination of whether the hearing court in fact was correct in finding that the sealed statement made no reference to this defendant and thus was irrelevant, and further that there was probable cause even without the sealed statement.
Our holding, that under the unique facts of this case there was no violation of CPL 700.70 such as to require suppression, as a matter of law, is not a departure from our long tradition of construing the eavesdropping statute strictly and requiring meticulous compliance with its provisions. Rather, it represents a commonsense balance between the rights of the defendant and the needs of law enforcement in a situation the Legislature apparently did not contemplate. A defendant of course has statutory and constitutional rights to test whether the issuance of an eavesdropping warrant is based on probable cause. As indicated above, however, the necessity for protecting the safety of an informant by withholding his identity as well as furthering the needs of law enforcement in an effort to stem the tide of ever burgeoning crime, are equally compelling interests. By remitting for a determination of whether there was probable cause even without the sealed statement, we strike a logical and commonsense balance between those interests.
Finally, defendant’s contention that Judge Reed erred in transferring the hearing on the omnibus motion to Judge Parenti, is without merit. We have expressly rejected the limitation on review of suppression motions set forth in People v Romney (77 AD2d 482, supra) (see, People v Guerra, 65 NY2d 60, 63). We concluded that there is neither a mandate for nor a prohibition against the transfer of a suppression motion to a *217 Judge of coordinate jurisdiction. A Judge who issued a warrant is not prohibited from entertaining a motion to suppress evidence seized pursuant to that warrant nor is that Judge the only one who may entertain such a motion (see, People v Tambe, 71 NY2d 492, 506; People v Guerra, supra, at 63). Thus, it was not improper for Judge Parent! who issued the first eavesdropping warrant and the related search warrants to make the determinations with respect to defendant’s motion to suppress.
Accordingly, the orders of the Appellate Division should be reversed and the case remitted to that court for a determination of the facts (CPL 470.25 [2] [d]; 470.40 [2] [b]).
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur.
Orders reversed and case remitted to the Appellate Division, Fourth Department, for further proceedings in accordance with the opinion herein.

. This Court has previously affirmed the determination that this eavesdropping warrant was supported by probable cause (People v Tambe, 71 NY2d 492).

. The hearing court noted that the affidavit of Investigator Freeman, submitted in support of the Carbuccia warrant, revealed that the information received from the confidential informant concerned three other individuals suspected of criminal activity but not defendant. The hearing court also determined that Liberatore was not a target of the Carbuccia warrant, and that the application contained specific evidence obtained from another named informant, implicating defendant as a participant in narcotics trafficking, which evidence was legally sufficient to establish probable cause for the search warrant and defendant’s subsequent arrest (see, infra, at 215).

. The statute provides that "[t]he contents of any intercepted communication, or evidence derived therefrom, may not be received in evidence or otherwise disclosed upon a trial of a defendant unless the people, within fifteen days after arraignment and before the commencement of the trial, furnish the defendant with a copy of the eavesdropping warrant, and accompanying application, under which interception was authorized or approved. This fifteen day period may be extended by the trial court upon good cause shown if it finds that the defendant will not be prejudiced by the delay in receiving such papers” (CPL 700.70 [emphasis added]).

. The affidavit discussed, in detail, information acquired from the informant concerning narcotics trafficking activity by Hector Carbuccia and described some of the transactions, including dates, times and locations, which occurred between Carbuccia and individuals other than defendant.

. Prior to 1976, CPL 700.70 only required that the People turn over the relevant material 10 days before trial, thus enabling a prosecutor to "sit by and when ready for trial very easily comply, to the great and unfair surprise of an accused” (Bellacosa, op. cit., at 525).

. Apparently, these conversations were intercepted, not pursuant to an eavesdropping warrant, but rather with the consent of Munoz.