FOURTH DEPARTMENT, APRIL, 1992

(April 24, 1992)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LIBERATORE, Appellant. (Appeal No. 1.)—Upon remittitur from the Court of Appeals, judgment unanimously affirmed. Memorandum: In our earlier disposition of these appeals, we reversed the judgments of conviction, granted defendant's motion to suppress all evidence obtained as a result of eavesdropping warrants and search warrants, vacated defendant's guilty pleas and remitted the matters to Ontario County Court for further proceedings on the indictment (167 AD2d 955, 956). We concluded that the People's failure to furnish defendant with a copy of an undisclosed confidential informant's statement that was part of the application for an eavesdropping warrant submitted to the issuing Magistrate, required reversal because of the People's noncompliance with CPL 700.70. That statement was sealed by the issuing Magistrate and was not contained in the record on appeal submitted to us.

The Court of Appeals reversed our order, concluding that "under the unique facts of this case there was no violation of CPL 700.70 such as to require suppression, as a matter of law" (79 NY2d 208, 216). The Court of Appeals, noted that the confidential informant's statement was not part of the record on appeal, and, therefore, we were deprived of an "opportunity to review the determination of relevancy and probable cause" *(supra,* at 216). That court remitted the matters to us "for a determination of whether the hearing court in fact was correct in finding that the sealed statement made no reference to this defendant and thus was irrelevant, and further that there was probable cause even without the sealed statement" *(supra,* at 216).

Upon our review of the record, we conclude that the statement was not germane to defendant's case, made no reference to him and there was probable cause to support the issuance of the May 30, 1984, eavesdropping warrant even without that statement *(see, People v Baris,* 116 AD2d 174, *lv denied* 67 NY2d 1050; *People v Manuli,* 104 AD2d 386; *see also, People v Tambe,* 71 NY2d 492). (Appeal from Judgment of Ontario County Court, Reed, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Callahan, J. P., Green, Balio and Davis, JJ.