OPINION OF THE COURT
H. Patrick Leis III, J.
"I speak for justice! Not the kind of lip-service justice which interprets a law in its most literal sense, but the kind of justice which interprets the law in its most logical sense. The law should not be a huge and weighty slab”
Coleen McCullough,
(The First Man In Rome [1990])
The motion by the defendant for an order (CPL 700.70) precluding the use at trial of the contents of electronically intercepted communications and evidence derived therefrom is denied.
Central to this motion, the court determines for the first time, whether a series of court orders authorizing: (a) the nondisclosure of portions of wiretap applications; and (b) the sealing of tapes made by a confidential informant of conversations incorporated into a wiretap application, act to toll the 15-day statutory mandate of CPL 700.70.
Defendant contends that the People’s failure to strictly comply with the requirements of CPL 700.70 has prevented him from making a comprehensive suppression motion (CPL 255.20). In support, defendant avers that he did not receive the following within 15 days of his arraignment:
(a) Tapes of conversations between a confidential informant (recorded with his/her consent) and two codefendants (Michael Varone and Joseph Lucas) which the defendant argues were submitted to the issuing Magistrate at the time the initial eavesdropping ordered dated April 3, 1992 was signed;
(b) The original pen register order and application and the extension order and application which were incorporated into later eavesdropping applications;
(c) Tapes of electronically intercepted communications submitted in support of various other eavesdropping applications; and
(d) Page nine of Detective John Smith’s May 12, 1992 affidavit submitted in support of eavesdropping orders issued by Hon. Lawrence Bracken on that date.
The People state that the tapes between the informant and *712 codefendants (item [a], supra) were not in fact submitted as part of the application for the April 3, 1992 eavesdropping orders but were rather "made available” to the issuing Magistrate (page four of Detective Richard Neems’ Apr. 2, 1992 affidavit). The People argue that any failure to turn over these tapes does not taint the succeeding eavesdropping orders, extensions and amendments. Additionally, the People contend that on June 15, 1992 they had timely obtained orders from this court (Leis, J.) extending the notice requirements of CPL 700.70 and sealing, pursuant to a protective order, the tapes to protect the confidentiality of the informant.
Regarding item (b) (supra), the People state that Detective Neems did not incorporate by reference an affidavit given in support of an order dated April 25, 1992 for a pen register device which defendant contends should have been turned over to him as part of eavesdropping applications because these applications referred to such affidavit.
Regarding item (c) (supra), the People state that such tapes have been made available to defendant as per an arrangement made on the record.
With respect to item (d) (supra), the People provided the defendant with approximately 700 pages of documents but failed to provide the defendant with page nine of Detective Smith’s affidavit. The People argue, however, that the missing page (which is one of eight pages of a transcript of a phone call about usurious transactions) was not necessary to establish probable cause. The phone call does not refer to defendant and no charges of criminal usury were ever lodged. The People further submit that the phone call was completely synopsized and explained as to its meaning in the remainder of the affidavit. The People alleged that they inadvertently copied two pages numbered "eight” and skipped page nine. Page nine, however, has since been provided to defendant.
Defendant admits that he has now been provided with unredacted copies of all material (including copies of Judge Leis’ June 15, 1992 order and extensions thereof) except for the tapes made by the confidential informant "made available” to the issuing Magistrate at the time the April 3, 1992 order was signed (item [a], supra).
The defendant contends that since these tapes were clearly available to the issuing Magistrate on April 3, 1992 as part of the wiretap application, they were required to be turned over except for "good cause” shown. Defendant further contends *713 that the order sealing the tapes made by the confidential informant was unnecessary since the identity of the informant is readily discernable from "the plethora of detailed information” in Detective Neems’ April 2, 1992 affidavit. The defendant submits that the fact that a harassing message was apparently left on the informant’s answering machine after the production of Detective Neems’ affidavit strengthens this argument.
Defendant further argues that the tapes which were recorded pursuant to the eavesdropping warrants should have been made available to him within 15 days of his arraignment (item [c], supra) and that the People’s failure to meticulously and strictly comply with CPL 700.70 mandates suppression.
FINDINGS OF FACTS
The court makes the following findings of facts based upon the papers submitted by both parties, and the various orders, with accompanying documentation:
On April 3, 1992 the Honorable Lawrence J. Bracken, Justice of the Supreme Court, Appellate Division, Second Department, signed eavesdropping orders authorizing the interception and recording of telephone conversations received over certain telephone lines and instrument numbers. Such orders were subsequently amended and extended and additional orders issued, all terminating on June 2,1992.
On June 15, 1992, this court signed an ex parte order finding good cause and lack of prejudice to the defendant, extending the People’s time to fully comply with the notice provision of CPL 700.70 until an active investigation of Thomas ("Tommy”) Masotto was terminated, or 60 days from the date of said order, whichever occurred first. It authorized the People to provide defendant with redacted copies of certain eavesdropping warrants, amendments and extensions, their applications, affidavits and sealing orders and search warrants issued by Justice Bracken. This order further directed nondisclosure of tape-recorded conversations made by the confidential informant prior to the issuance of the original eavesdropping warrants on April 3, 1992. Said order and accompanying application were sealed for 60 days or to the completion of the "Masotto investigations,” whichever occurred first.
On June 17, 1992, defendant was arraigned on the instant indictment and the People then provided him with copies of *714 original, unredacted applications, affidavits and orders signed on April 3, and 14, 1992. The People also served redacted copies of all other orders, applications, and affidavits which deleted reference to the "Masotto” eavesdropping warrant, but which left unaltered all transcribed telephone calls, opinions and interpretations. The material turned over at arraignment consisted of approximately 700 pages. It did not include page nine of Detective John Smith’s affidavit, the aforementioned tapes of conversations made by the confidential informant or other tapes of electronically recorded conversations made pursuant to the eavesdropping orders. The People agreed to provide copies of the "other” tapes to a commercial copier so all defendants could have copies made.
On July 1, 1992, this court signed a second ex parte order, finding good cause, granting a protective order pursuant to GPL 240.50 as to: (a) the search warrants and accompanying affidavits for 60 days or the termination of the "Masotto” investigation, whichever occurred first; and (b) the aforementioned tape-recorded conversations of the confidential informant. Said order and accompanying application of July 1, 1992 were also sealed.
On July 24, 1992, this court signed a third ex parte order, finding good cause and lack of prejudice to the defendant, extending the June 15, 1992 order for an additional 60 days from the date of the July 24, 1992 order or the conclusion of the "Masotto” investigation, whichever occurred first. Said order and application were also sealed.
On August 26, 1992, this court signed the fourth ex parte order, finding good cause and lack of prejudice to the defendant, extending the June 15, 1992 order for an additional 60 days from the date of August 26, 1992 or the conclusion of the "Masotto” investigation, whichever occurred first. In addition, this order extended the People’s time to comply with GPL 700.50 for 60 days from the date thereof or the conclusion of the "Masotto” investigation, whichever occurred first. Said order and application were sealed.
On September 11, 1992 the court received defendant’s notice of motion, with supporting papers and memorandum of law both dated September 8,1992.
On October 22, 1992, this court signed a fifth ex parte order, finding good cause and lack of prejudice to the defendant, extending the June 15, 1992 order for an additional 60 days from October 22, 1992 or the conclusion of the "Masotto- *715 Barretti” investigation, whichever occurred first. Said order and application were likewise sealed.
On October 30, 1992, the People submitted their affidavit in opposition and on November 20,1992, defendant submitted his reply affirmation and reply memorandum of law.
In the defendant’s reply papers, he acknowledges receiving notice on October 27, 1992 of the June 15, 1992 order and extensions thereof, as well as copies of the "Masotto” warrants and accompanying applications, unredacted copies of the remaining eavesdropping warrants and applications, the pen register orders and applications, and search warrants and applications. He complains, however, that he was not given copies of the informant’s tapes nor any other tape recordings made available to the issuing Magistrate in connection with applications for later eavesdropping warrants and extensions.
The defendant also acknowledges that on November 12, 1992, he received copies of this court’s orders extending the People’s time to comply with CPL 700.70 and sealing the tapes of the confidential informant and accompanying applications.
CONCLUSIONS OF LAW
CPL 700.70 requires "strict compliance” and where there has been a failure to do so and neither an application for an extension of time (within the statutory 15-day period) nor a showing of good cause for noncompliance and lack of prejudice to the defendant, evidence derived from an intercepted communication must be suppressed. (People v Liberatore, 79 NY2d 208, 212-213; see also, People v Schulz, 67 NY2d 144.)
However, the Court of Appeals has held that meticulous adherence and strict compliance standards must be balanced against the competing need to protect the identity of informants and ensure the flow of information to the police in aid of their effort to combat crime. (People v Liberatore, supra, at 214.)
A defendant’s interests may be subordinated to safety precautions necessary to encourage citizens to participate in law enforcement by granting them anonymity or may be conditioned, when necessary, to protect those of society. (People v Castillo, 80 NY2d 578.)
In Castillo (supra), the Court, citing Liberatore (supra), rejected the defendant’s argument that regardless of the substantiality of the evidence or the need for confidentiality, disclosure of the information, if not the identity of the infor *716 mant, is always required, stating (supra, at 584): "even if the information from an informant had contributed to the probable cause for the eavesdropping warrant, it need not necessarily be disclosed to the defendant if there were 'other compelling reasons for nondisclosure’ (see, People v Liberatore, 79 NY2d, at 216, supra)”.[1]
In Liberatore (supra), the Court rejected the defendant’s arguments that inasmuch as the issuing Magistrate considered and relied upon a written statement of a confidential informant in authorizing an eavesdropping warrant, the People had failed to comply with CPL 700.70 by not timely disclosing such. The Court stated that the primary purpose of CPL 700.70 is to " 'alert * * * criminal defendants to the existence of evidence that [can] be introduced against them at trial so that a timely decision [can] be made about whether to file a motion to suppress such evidence.’ ” (Supra, at 213-214.) Accordingly, where attachments are not turned over by the People along with the warrants and applications or are not turned over until a motion has been made by the defendant and the delay or failure to turn over the attachments) did not prevent defendant from making a motion to suppress, no violation of CPL 700.70 has occurred. (People v Liberatore, supra; People v Baris, 116 AD2d 174, lv denied 67 NY2d 1050.) It is thus uncontrovertible that "strict compliance” does not mean "perfect compliance.”
Applying this "rule of reason” to the instant case, it is clear that no violation of CPL 700.70 has occurred. The People provided the defendant, at his arraignment, with approximately 700 pages of warrants and applications, including some which were redacted pursuant to this court’s orders and others which were unredacted.
The People’s original application to extend the 15-day requirement was timely made. All subsequent applications to extend the original order were made within the time period required by each preceding order. This court was satisfied with each application that good cause was shown and that the defendant(s) would not be prejudiced by the delay in receiving the redacted portions of the applicable papers. The tapes made of conversations between the confidential informant and Var-one and Lucas were ordered sealed by this court to protect the *717 informant and avoid compromising the ongoing investigation.[2] Such sealing acts to toll the 15-day statutory mandate of CPL 700.70.
There has yet to be an application to unseal the tapes which were "made available to the reviewing Magistrate” on April 3, 1992, the general contents of which were disclosed in Detective Neems’ April 2, 1992 affidavit in support of said warrant.
Even looking at this issue in a light most favorable to the defendant (since the People maintain that the tapes were not part of the application and do not need to be turned over at all), the tapes were made available to the issuing Magistrate merely as attachments to the firsthand information already provided in the application. The People have consented to waiving the 45-day motion requirement and the defendant has been given ample opportunity to seek suppression. He has not been prejudiced by the fact that portions of some papers were redacted as relating to the "Masotto” or "Masotto-Barretti” investigation and he has now been provided with unredacted copies of all papers. He was and has been sufficiently able to make a motion to suppress based upon what he has received.
Defendant argues that good cause for this court’s nondisclosure orders did not exist since the identity of the informant was readily discernable from the April 2, 1992 affidavit of Detective Neems attached to the eavesdropping warrant signed on April 3, 1992 by Justice Bracken. The court has read this affidavit in conjunction with defendant’s papers and finds that there is no indication as to how defendant would be able to discern the informant’s identity from the described conversations with Mr. Varone and Mr. Lucas. In addition, the defendant has failed to name the informant in his papers which casts doubt as to whether or not the defendant knows the identity of the informant as of this date.
Even if the defendant is correct, and good cause for this court’s nondisclosure orders did not exist, suppression is not required since these tapes, at most, constitute attachments referred to in Detective Neems’ April 2, 1992 affidavit in case the issuing Magistrate wished to examine them in order to confirm that detective’s averments. In fact, the failure to turn *718 over these tapes does not even rise to the level of the failure to turn over a sworn written statement of an informant in Liberatore (supra).
With regard to the defendant’s argument that other tapes of conversations recorded pursuant to the eavesdropping warrants were also made available to the issuing Magistrate and were not turned over to the defendant, the court finds it to be without merit. It is clear from the papers herein as well as on the record that copies of said tapes were made available to all defendants, from the commercial copier, and that the defendant has chosen not to obtain them.
In addition, the court finds the defendant’s argument that Detective Neems incorporated by reference an affidavit submitted in support of the pen register order and its extension, and that such affidavit should have been turned over because various eavesdropping applications made reference to them, to be without merit. As stated by the People, such was not done. Even if it was, at most they would constitute attachments which the defendant now possesses.
Finally, defendant’s argument that the People’s failure to provide him with a copy of one page out of a total of approximately 700 pages of material, constitutes a failure to comply with the strict compliance requirement of CPL 700.70, is without merit. To hold that a minor omission of one insignificant page out of 700 mandates suppression of electronically intercepted communications and evidence derived therefrom would render the strict compliance test an absurdity. This one page was part of an eight-page transcription of a phone call which was completely synopsized and explained in the affidavit and which had nothing to do with Frank Packies. No defendant was ever charged with a crime relating to this phone call. Moreover, the defendant has now been supplied with the missing page.
While the court can understand how the District Attorney might miss one page out of 700 (where two pages numbered eight were made) and does not construe such error as an attempt to avoid strict compliance with CPL 700.70, nevertheless, greater diligence could have been and should be taken to avoid such errors.
In making its determination herein, this court has considered and weighed all the rights claimed by the defendant and all the needs claimed by the People on behalf of the interest of the informant and society. Such rights and needs must be *719 adjudged within the strict compliance mandates of CPL 700.70 and the case law exceptions of Liberatore (supra) and Castillo (supra) to achieve a confluence of justice.
For the foregoing reasons, the defendant’s motion is, in all respects, denied.

. Similarly, in line with the People v Darden (34 NY2d 177) analysis used in Castillo (supra), the Court of Appeals reaffirmed the same day that the per se rule in cases involving Rosario material is subject to logical, commonsense exceptions (People v Banch, 80 NY2d 610).

. A prosecutor cannot provide, pursuant to CPL 700.70, material which has been sealed by the court without being in contempt. (People v Capolongo, 154 Misc 2d 383, 386-387.) The People in the instant case could not provide the tapes of the confidential informant or the unredacted copies of the applicable eavesdropping warrants and applications in violation of court orders.