■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUNIOR GUMBS, Appellant. [641 NYS2d 18] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered

January 12, 1994, convicting defendant, after a jury trial, of two counts of criminal sale of a controlled substance in the first degree and one count of conspiracy in the second degree, and sentencing him to concurrent terms of 25 years to life on the sale convictions and a consecutive term of $8^1/_3$ to 25 years on the conspiracy conviction, unanimously affirmed.

Drafts of translations of Spanish conversations intercepted over wiretaps did not constitute *Rosario* material (CPL 240.45 [1] [a]) since they were not "statements" of a witness. Moreover, since the prosecutor conceded the existence of the drafts, it was unnecessary for the court to have conducted a hearing.

Defendant here argues that the court erred in admitting the declarations of non-testifying co-conspirators based on the People's failure to establish their unavailability. Since the defendant did not advance this specific argument, the People were foreclosed from arguing, and the court from considering, unavailability as well as alternative grounds for the statements' admission (CPL 470.05 [2]).

A review of the existing record herein fails to support defendant's contention that he was deprived of meaningful representation by the allegedly hostile relationship between the court and defense counsel, although some of the court's comments would have been better left unsaid.

Defense counsel's general objection to some of the questions posed by the prosecutor to the expert witness failed to preserve defendant's current contention that the court erred in permitting such expert to testify as to conclusions to be drawn from the intercepted conversations (*see, People v Tevaha*, 84 NY2d 879). Were we to review the claim in the interest of justice, we would find it was not an improvident exercise of discretion to have permitted such testimony (*see, People v Cronin*, 60 NY2d 430).

Probable cause was established for the issuance of the eavesdropping warrant based on the detective's affidavit and the court's in camera interview of the informant (*People v Taylor*, 73 NY2d 683, 688; *People v Tambe*, 71 NY2d 492, 501), and the court did not err in refusing to disclose the informant's identity (*People v Liberatore*, 79 NY2d 208).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Rubin, Nardelli and Tom, JJ.