OPINION OF THE COURT
 

 Rosenblatt, J.
 

 In the case before us, the issuing Judge authorized a wiretap warrant for a telephone line at a stated residence, specifying the telephone number to be tapped. The telephone number, however, was changed before the investigator installed the wiretap. We hold that suppression of the evidence flowing from the wiretap is not required, notwithstanding the change in telephone number.
 

 In August 1997, the Syracuse Police Department was investigating local drug trafficking. In an application for a wiretap warrant, the prosecutor presented evidence that defendant Anthony Vaccaro was using the telephone at 1009 Carbon Street, the home of his grandfather, for drug-selling activities. The telephone number assigned to the only telephone line leading to the grandfather’s residence was (315) 422-2003. On December 12, 1997, an Onondaga County Court Judge signed the warrant, specifying (315) 422-2003 as the number to be tapped. Four days later, an investigator went to 1009 Carbon Street to install the wiretap. While doing so he learned that
 
 *534
 
 the telephone number had been changed to (315) 422-0084. Nevertheless, he attached the wiretap to the line after confirming that the new telephone number was listed in the grandfather’s name.
 

 Through intercepted telephone communications, the police learned that defendant Dana Darling would be transporting cocaine to Syracuse by train in the early morning of December 21, 1997. Based on this information, the authorities obtained a warrant to search Darling. After staking out the train station, the police officers saw Darling detrain. They searched him and found approximately one-half kilogram of cocaine. At about the same time, other police officers observed Vaccaro driving a car in another part of town and arrested him. Waiving his
 
 Miranda
 
 rights, he admitted that he had been selling drugs in the Syracuse area and had sent Darling to obtain cocaine.
 

 After Darling and Vaccaro were indicted for sale and possession of controlled substances, both moved to suppress. They contended, in essence, that because the eavesdropping warrant specified (315) 422-2003 as the phone number to be tapped, the authorities were not permitted to tap (315) 422-0084 without submitting a new warrant application to a Judge. According to defendants, all evidence derived from the wiretap, including the cocaine, must be suppressed. The suppression court agreed, holding that the wiretap warrant was based on illegally intercepted communications and therefore lacked probable cause.
 
 [1]
 

 The People appealed, arguing that under the circumstances of this case, the authorization to tap the original telephone number automatically attached to the new number assigned to the same line — the only line to 1009 Carbon Street. Agreeing with the prosecution, the Appellate Division, in separate decisions
 
 (People v Darling,
 
 263 AD2d 61;
 
 People v Vaccaro,
 
 272 AD2d 871), reversed the suppression court’s order and held that the eavesdropping application satisfied the requirements of CPL 700.20 (2) even though the telephone number was
 
 *535
 
 changed. We granted both defendants leave to appeal, and now affirm.
 

 This Court has long recognized the importance of fidelity to the statutory directives that govern authorized eavesdropping. In fashioning the State’s electronic surveillance law (CPL art 700),
 
 [2]
 
 the Legislature adopted standards in accordance with Congress’ first comprehensive enactment regulating the field.
 
 [3]
 
 Congress codified the standards crafted by the United States Supreme Court in
 
 Berger v New York
 
 (388 US 41) and
 
 Katz v United States
 
 (389 US 347). Thus, in compliance with the Fourth Amendment mandates of
 
 Berger
 
 and
 
 Katz,
 
 CPL article 700 contains detailed requirements regulating every aspect of wiretapping, as well as a procedure to suppress evidence when those requirements are not met
 
 (see generally,
 
 Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 700.05, at 555).
 

 Electronic surveillance is an essential law enforcement tool. Indeed, without it some criminal activity — often the most pernicious — would go undetected and unpunished. There is, however, a corollary of equal importance. Because electronic surveillance is singularly invasive, law enforcement officials may intercept communications only when they scrupulously follow constitutional and statutory requirements
 
 (see generally,
 
 1968 NY Legis Ann, at 472; S Rep No. 1097, 90th Cong, 2d Sess 1968, reprinted in 1968 US Code Cong & Admin News 2112).
 

 In keeping with this corollary, this Court in
 
 People v Capolongo
 
 reiterated the “bedrock principle that there must be ‘strict compliance with the provisions of New York’s eavesdropping statute * * * and that the burden of establishing such compliance rests with the prosecution’” (85 NY2d 151, 165
 
 *536
 
 [quoting
 
 People v Schulz,
 
 67 NY2d 144, 148]).
 
 Capolongo
 
 is the most recent in a line of cases in which this Court ordered suppression of evidence when the authorities failed to comply strictly with constitutional and statutory requirements.
 
 [4]
 

 Invoking this Court’s strict compliance jurisprudence, defendants contend that the motion court correctly suppressed the wiretap evidence. At the outset, defendants have failed to establish that the application or warrant does not comply with CPL article 700’s strictures. CPL 700.20 (2) provides that a wiretap application must contain, among other things, “a particular description of the nature and location of the facilities from which or the place where the communication is to be intercepted.” (CPL 700.20 [2] [b] [ii].) Similarly, CPL 700.30 (3) requires that an eavesdropping warrant specify, among other things, “[t]he nature and location of the communications facilities as to which, or the place where, authority to intercept * * * is granted.”
 

 Here, the wiretap application and warrant conformed fully to the statutory requirements. The warrant listed the address of Vaccaro’s grandfather, and stated that the wiretap was to be placed on the grandfather’s telephone number — the only number at that address. Thus, there is no question that the warrant particularly identified the number to be tapped. Whatever the reasons — perhaps as the prosecution argues, because telephone numbers may be changed frequently to confound law enforcement authorities — there is no requirement in CPL article 700 that a wiretap application or warrant designate a particular telephone number.
 
 [5]
 

 Defendants further argue that because the telephone number was changed, the investigator, in executing the warrant, went beyond its explicit terms and therefore suppression is required. CPL 700.35 (1) provides that “[a]n eavesdropping * * * warrant must be executed according to its terms.” Defendants rely on
 
 People v Basilicato
 
 (64 NY2d 103, 114-115),
 
 *537
 
 a case in which the warrant authorized only wiretapping, but was used to obtain evidence through “bugging.”
 
 [6]
 
 In suppressing the evidence, the Court held that the seizure of non-telephonic conversations pursuant to a warrant that authorizes only wiretapping exceeded the scope of the warrant.
 
 Basilicato
 
 does not support defendants’ position.
 

 In requiring particularity, CPL article 700 draws upon the Fourth Amendment itself, which provides that “no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.” The particularity requirement reinforces the constitutional design by which the Judge and not the officer fixes the scope of the search. To minimize invasiveness, the Fourth Amendment requires that the Judge’s directive be specific enough to leave no discretion to the executing officer
 
 (Andresen v Maryland,
 
 427 US 463, 480;
 
 Marron v United States,
 
 275 US 192, 196;
 
 People v Nieves,
 
 36 NY2d 396, 401). Accordingly, the
 
 Basilicato
 
 Court recognized that the Fourth Amendment requirement of particularity prohibits “ ‘the seizure of one thing under a warrant describing another’ ” (64 NY2d, at 114 [quoting
 
 Marron v United States, supra,
 
 275 US, at 196]).
 

 The
 
 Basilicato
 
 warrant was directed toward a distinct species of evidence — telephonic communications — but law enforcement officials without judicial approval or supporting probable cause unilaterally extended it to direct personal communications. This expansion invaded privacy interests not contemplated by the issuing Judge’s warrant. No such thing happened here. Although the telephone number was changed, the investigator obeyed the issuing Judge’s directive. No additional privacy interests or protections were affected by the installation of the wiretap to the changed telephone number.
 

 “Strict compliance” does not entail hypertechnical or strained obedience, nor is common sense its enemy. The investigator installed the tap on the only telephone number assigned to the person and address the court specified. No confusion was created merely because the number changed. There was no possibility for misdirection. It is undisputed that the house had only one telephone number, and the investigator inexorably
 
 *538
 
 carried, out the court’s mandate by installing the wiretap on it. In the context of this case, the change in telephone number had no bearing on the established probable cause. In all, we conclude that the acquisition and execution of the warrant comports with our strict compliance doctrine. Defendants’ remaining contentions are without merit.
 

 Accordingly, in each case, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick and Wesley concur.
 

 In each case: Order affirmed.
 

 [1]
 

 . The suppression court stated that Vaccaro lacked standing to contest the search of Darling, but granted Vaccaro’s motion because “information constituting grounds for the search and contraband found as a result of its execution were directly derived from unauthorized eavesdropping of Vaccaro’s conversations.” The Appellate Division also concluded that Vaccaro lacked standing to challenge the search of his codefendant. As for Darling, we note that at no point did the People challenge his standing to controvert the wiretap evidence. In light of our holding, we need not pass upon these standing issues.
 

 [2]
 

 .
 
 See,
 
 Report of the New York State Joint Legislative Committee on Crime, Its Causes, Control & Effect on Society, 1968 NY Legis Doc No. 81, at 44; Report of the New York State Joint Legislative Committee on Crime, Its Causes, Control & Effect on Society, 1969 NY Legis Doc No. 16, at 143.
 

 [3]
 

 .
 
 See,
 
 title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 USC § 2510
 
 et seq.
 
 Congress has since amended title III to include additional forms of communication resulting from newer technology
 
 (see,
 
 Electronic Communications Privacy Act of 1986, Pub L 99-508, 100 US Stat 1848, codified in scattered sections of 18 USC;
 
 see generally,
 
 Leib,
 
 E-Mail and the Wiretap Laws: Why Congress Should Add Electronic Communication to Title III’s Statutory Exclusionary Rule and Expressly Reject a “Good Faith” Exception,
 
 34 Harv J on Legis 393, 402 [1997]; Akamine, Notes and Comments,
 
 Proposal for a Fair Statutory Interpretation: E-Mail Stored in a Service Provider Computer is Subject to an Interception Under the Federal Wiretap Act,
 
 7 JL& Policy 519, 528 [1999]).
 

 [4]
 

 .
 
 See, e.g., People v Winograd,
 
 68 NY2d 383, 390 (amendment of wiretap warrant was not obtained “as soon as practicable” pursuant to CPL 700.65 [4]);
 
 People v Schulz,
 
 67 NY2d 144, 149-150,
 
 supra
 
 (failure to provide defendant with notice of the warrant “within fifteen days after the arraignment” pursuant to CPL 700.70);
 
 People v Gallina,
 
 66 NY2d 52, 56-57 (failure to apply for an order of extension “prior to the expiration of an eavesdropping warrant” pursuant to CPL 700.40).
 

 [5]
 

 . CPL article 700’s Federal counterpart (18 USC § 2518) also does not require specification of a telephone number (see,
 
 United States v Feldman,
 
 606 F2d 673, 680,
 
 cert denied sub nom. Zalmanowski v United States,
 
 445 US 961).
 

 [6]
 

 . Bugging is the term commonly used to describe the interception of face-to-face communications
 
 (see, Basilicato, supra,
 
 64 NY2d, at 114). Wiretapping is the “ ‘recording of a telephonic * * * communication’ ”
 
 (id.,
 
 at 114).