■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW LEALE, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered October 11, 1988, convicting him of criminal possession of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial of the branch of the defendant's omnibus motion which was to suppress evidence obtained as a result of an eavesdropping warrant.

Ordered that the judgment is affirmed.

The New York State Organized Crime Task Force (hereinafter OCTF) was issued an eavesdropping warrant which, inter alia, authorized the interception of conversations over a telephone listed in the defendant's name and located inside a restaurant he operated. The defendant was indicted on various narcotics charges based on evidence derived from the warrant and its subsequent amendments and extensions. After the court denied his motion to suppress this evidence, the defendant pleaded guilty to criminal possession of a controlled substance in the fourth degree.

The defendant contends that the affidavit of an OCTF investigator, which relied on information provided by a confidential informant, failed to present sufficient facts to establish that probable cause existed for issuance of the warrant. Because the warrant application was based on the hearsay

information of an informant, the applicant was required to establish that the informant had some basis for his knowledge and that he was reliable *(see, People v Griminger,* 71 NY2d 635; *People v Bigelow,* 66 NY2d 417).

An informant's basis of knowledge can be established through his description of circumstances that he personally observed *(see, People v Bigelow, supra).* It is apparent from a reading of the OCTF investigator's affidavit that the informant was describing to him individuals he had observed and conversations he had overheard in the restaurant. The reliability of an informant can be established by observations of the police which corroborate facts provided by the informant *(see, People v Elwell,* 50 NY2d 231; *People v Burks,* 134 AD2d 604). Here, the information gathered during an undercover investigation, together with data obtained from relevant telephone company records and pen register devices, provided the necessary corroboration. Furthermore, information about the identity of the informant was revealed in camera to the issuing court which issued the warrant *(see, e.g., People v Manuli,* 104 AD2d 386). Thus, the information provided in the warrant application was sufficient to establish probable cause for its issuance *(see,* CPL 700.15).

The defendant further contends that evidence derived from the warrant should be suppressed because the applicant revealed information concerning the identity of the informant to the issuing court in camera. We disagree. The court was not prohibited from receiving this additional documentation *(see,* CPL 700.25). Furthermore, the in camera disclosure was appropriate in view of the "weighty considerations countervailing against disclosure of the identity of police informers" *(People v Darden,* 34 NY2d 177, 181). The defendant's remedy, if he considered this information to be relevant to the issue of probable cause, was to request a *Darden* hearing. The defendant failed to make such a request.

Pursuant to CPL 700.05 (5), the Deputy Attorney-General in charge of the OCTF is permitted to apply for eavesdropping warrants if so authorized by the Attorney-General. We have previously considered and rejected the argument advanced by the defendant that this provision of the statute conflicts with the Federal wiretapping statute (18 USC § 2510 *et seq.; see, People v Vespucci,* 144 AD2d 48, *lv granted* 73 NY2d 927). Finally, in light of the authority provided to the OCTF in CPL 700.05 (5) and the legislative history of the 1982 and 1983 amendments to Executive Law § 70-a (4), the defendant's contention that the Deputy Attorney-General in charge of the

OCTF is required to obtain the approval of the Governor and local District Attorney before seeking an eavesdropping warrant is without merit. Thompson, J. P., Lawrence, Rubin and Balletta, JJ., concur.