THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR PIMENTAL, Appellant.

Second Department, August 10, 1992

**APPEARANCES OF COUNSEL**

*Philip L. Weinstein,* New York *(Richard Joselson* of counsel), for appellant.

*Charles J. Hynes, District Attorney,* Brooklyn *(Jay M. Cohen* and *Linda Cantoni* of counsel), for respondent.

**OPINION OF THE COURT**

SANTUCCI, J.

The question on this appeal is whether the defendant was denied his due process right to litigate that branch of his omnibus motion which was to suppress physical evidence when the court denied him access to the third paragraph of the affidavit submitted in support of an application for a search warrant.

On May 25, 1988, Sergeant Stephen Dato of the New York City Police Department submitted an affidavit in support of a request for a "no knock" search warrant for the "second floor, right side" apartment located at a specified address in Brooklyn, New York. Sergeant Dato's affidavit was based upon information received from a confidential informant that there were drugs and firearms in this apartment. Pursuant to Sergeant Dato's request, a "no knock" warrant was issued to allow a limited search for controlled substances and illegal firearms.

At approximately 6:50 P.M. on May 25, 1988, seven police officers arrived at the specified address to execute the warrant. After breaking in the downstairs door, the officers approached the targeted apartment. At that point they saw the defendant come out of the apartment and close the door behind him. Sergeant Dato, who was in the lead, shouted "Police, don't move". The defendant, however, fled up the stairs toward the third floor, with the police in close pursuit. A moment before Sergeant Dato seized him, the defendant let fall to the floor a bundle of approximately 10 glassine envelopes which contained a white substance wrapped in tinfoil. From his experience Sergeant Dato recognized these envelopes to be cocaine packaged for street sale.

After placing the defendant under arrest, Sergeant Dato and the other officers entered the apartment where they found, *inter alia,* 280 glassine envelopes containing cocaine, a nine-millimeter automatic handgun, and $1,705 in cash.

The defendant was charged in an indictment with one count of criminal possession of a controlled substance in the first degree, three counts of criminal possession of a controlled substance in the third degree, and one count of criminal possession of a weapon in the third degree.

Following the defendant's indictment, the People disclosed to the defense counsel a redacted copy of Sergeant Dato's warrant affidavit, omitting all the information in the third paragraph thereof. This paragraph contained all of the information concerning the confidential informant's allegations of criminality, as well as his or her basis of knowledge for these allegations.*

Thereafter, the defendant moved, *inter alia*, to quash the search warrant and to suppress the evidence obtained upon its execution. Noting that the third paragraph of the affidavit submitted in support of the search warrant had been redacted before it was supplied to him, the defendant argued that he was thereby deprived of due process in that "material information necessary to challenge the warrant" had been withheld from him. The defendant further charged that "stale" and misleading "hearsay," without relationship to the targeted apartment, had been used to establish probable cause, while neither the reliability nor the basis of knowledge of the informant was established in contravention of *Aguilar v Texas* (378 US 108), and *Spinelli v United States* (393 US 410). At the least, the defendant claimed, his attorney was entitled to an in camera inspection and reading of the obliterated third paragraph of the supporting affidavit.

The defendant also demanded hearings pursuant to *People v Darden* (34 NY2d 177) and *Franks v Delaware* (438 US 154), in order to confirm the existence of the informant, and to assess the credibility of the affiant, Sergeant Dato. The defendant claimed that, as he had never engaged in the packaging and selling of cocaine, or occupied the subject apartment, "it would have been impossible for any informant [to] have related any information to the police that would have in any way implicated the defendant in drug dealing or with the subject apartment".

Notwithstanding the People's consent, the court did not allow the defense counsel to view the deleted paragraph in camera. Instead, the court reviewed the affidavit in unredacted form in camera and denied that branch of the defendant's omnibus motion which was for suppression in toto, concluding that the deleted third paragraph provided "an adequate basis for the informant's knowledge", and that it

---

* The unredacted affidavit was provided to this court under separate cover.

was properly redacted by the People because it "could lead to the identification of the confidential informant".

It is the general rule in this State that "the issue of probable cause must be determined solely on the basis of a record fully available to the defendant" *(People v Darden,* 34 NY2d 177, 182, *supra; see also, Matter of Sarisohn,* 21 NY2d 36, 42-43, *cert denied* 393 US 1116; *People v McCall,* 17 NY2d 152, 157-158). When exceptions must be made, they should be as limited as possible—as, for example, in a case in which it is alleged that full disclosure of an informant's identity will imperil the informant's life or ongoing investigations in which he or she is involved. However, it is noted that even *People v Darden (supra)* requires that the defendant receive a copy of the court's report of its interview with the confidential informant, relative to both "the existence of the informer *and with respect to the communications made by the informer to the police to which the police testify" (People v Darden, supra,* at 181 [emphasis supplied]). As the court in *People v Darden (supra),* concluded: "The question as to when and in what manner, if at all, identity of the informer and verification of his communication should be established calls for a sensitive and wise balancing of the rights of the individual defendant and the interests of the public" *(People v Darden, supra,* at 181-182).

In determining whether probable cause exists to support the issuance of a search warrant based upon information supplied by a confidential informant, we are guided by the two-pronged test enunciated in *Aguilar v Texas (supra)* and *Spinelli v United States (supra).* The affidavit in support of the search warrant must establish: (1) the reliability of the informant, and (2) the basis of his or her knowledge *(see, People v Griminger,* 71 NY2d 635). Here, although the grounds for the police officer's belief that the informant was reliable were left unredacted, the paragraph establishing the basis of the informant's knowledge was entirely obliterated. Moreover, no inquiry was conducted into whether a partial redaction could communicate the substance of the informant's information while continuing to conceal his or her identity.

There would appear to be no precedent in this Department for the court's procedure of examining the unredacted affidavit ex parte, and deciding that probable cause existed for issuance of the warrant. Such a procedure deprives the defendant of the information that he would need to challenge, *inter alia,* the claim that the warrant was supported by probable

cause *(see, People v Guerra,* 65 NY2d 60, 63), or the informant's basis of knowledge *(People v Griminger, supra),* or the freshness of the information *(People v Jackson,* 64 AD2d 673). Due process concerns require that a defendant have the opportunity, if at all possible, to challenge an informant's basis of knowledge regarding the criminal activity for which he or she is arrested. As the court stated in *State v Mathiesen* (27 Wash App 257, 260, 616 P2d 1255, 1257): "A defendant is entitled to challenge the probable cause determination and the affidavit at a suppression hearing. We are unable to perceive how a defendant can challenge whether or not a search warrant was issued on 'probable cause supported by oath or affirmation' as required by the Fourth Amendment if he is denied the opportunity to examine the affidavit".

Therefore, it is appropriate in cases such as this that a more careful inquiry be conducted in order to attempt to communicate the substance of the informant's information without betraying his or her identity. Specifically, an in camera inquiry should be held, on the record, to consider the necessity for redacting the search warrant affidavit. This inquiry should include whether an informant's life or ongoing investigations would be jeopardized were his or her identity to be disclosed *(see, People v Seychel,* 136 Misc 2d 310). The prosecutor and, if possible, the informant should be present, but not the defendant or his counsel *(cf., People v Darden, supra).* In the event that the court finds that the confidential informant's identity needs protection, the court should redact the search warrant affidavit in such a way as to maximize the information that the defendant receives while securing to the greatest degree possible the informant's anonymity. Accordingly, the appeal must be held in abeyance pending an in camera hearing and inquiry by the court.

HARWOOD, J. P., BALLETTA and LAWRENCE, JJ., concur.

Ordered that the matter is remitted to the Supreme Court, Kings County, for an in camera hearing and inquiry in accordance herewith and with the guidelines set forth in *People v Darden (supra),* and the appeal is held in abeyance in the interim; the Supreme Court, Kings County, shall file its report with all convenient speed.