THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
ROZANN I. GRECO, Appellant.

Third Department, February 4, 1993

APPEARANCES OF COUNSEL

*James M. Kerrigan,* Ithaca, for appellant.

*Gerald F. Mollen, District Attorney* of Broome County, Binghamton, for respondent.

## OPINION OF THE COURT

CREW III, J.

On April 15, 1987 the Broome County District Attorney submitted an application for an eavesdropping warrant authorizing a wiretap on defendant's telephone. In support thereof, the District Attorney submitted the sworn affidavit of Detective Theodore Wido, the sworn statement of a confidential informant who had testified under oath before the Judge entertaining the application eight days previously, and reports regarding the results of a pen register used to monitor the activity on the subject phone during the period from April 8, 1987 to April 13, 1987. The affidavit of Wido, as well as the District Attorney's application, extensively summarized the nature of the testimony provided by the confidential informant and the substance of the information contained in the informant's sworn statement. On April 16, 1987 Supreme Court issued an eavesdropping warrant. As the result of information derived from the wiretap, a search warrant was issued authorizing a search of defendant's home. Upon execution of that warrant, defendant was found in possession of approximately two ounces of cocaine and sundry drug paraphernalia. Defendant was subsequently indicted for and convicted of the crimes of criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fifth degree (two counts) and conspiracy in the fourth degree.

Among the many points for reversal advanced by defendant on this appeal is the denial of that branch of her omnibus motion to suppress evidence obtained as a result of the eavesdropping and search warrants. In consequence of defendant's motion, an extended pretrial hearing was conducted at which testimony was elicited in support of the warrants. At the conclusion of the hearing, Supreme Court reviewed, in camera, the testimony previously given by the confidential infor-

mant as well as the informant's sworn statement and determined that probable cause existed for both warrants.*

■ Defendant contends that Supreme Court erred in considering the information heard and viewed by the issuing court in camera, in denying her access to that information and in denying her request for disclosure of the identity of the informant. Defendant also contends that the People failed to establish the informant's basis of knowledge and reliability. We disagree.

Initially, we note that the ex parte determination made by Supreme Court is supported by existing case law *(see, People v Castillo,* 80 NY2d 578; *People v Mullen,* 152 AD2d 260; *People v Leale,* 151 AD2d 611, *lv denied* 75 NY2d 869). Furthermore, a review of the information provided in the warrant applications together with the confidential informant's testimony and sworn statement satisfies us that there was probable cause for the issuance of both warrants.

■ We are also of the opinion that Supreme Court was justified in refusing to disclose the identity of the informant and declining to provide defense counsel with a transcript of the informant's testimony and sworn statement. The District Attorney, in his initial application, averred that "[t]he confidential informant has been given assurances that his/her identity will always remain anonymous, and that his/her sworn statements will only be subject to *in camera* judicial review". As has been noted by the Court of Appeals, "[t]he weighty considerations countervailing against disclosure of the identity of police informers are evident—'the furtherance and protection of the public interest in effective law enforcement' * * * Assuring the desirable flow of useful information to the police will, of course, depend on predictable and reliable assurances that anonymity of informers will be preserved" *(People v Darden,* 34 NY2d 177, 181, quoting *Roviaro v United States,* 353 US 53, 59). Given the assurances made to the informant in the case at bar, we are of the view that Supreme Court properly refused to disclose the informant's identity and the in camera testimony and statement, especially in light of the fact that Wido's affidavit and the District Attorney's application contained detailed summaries of the facts contained in the informant's testimony and statement, thereby affording defendant ample opportunity to challenge the claim

---

* A transcript of the informant's testimony and the sworn statement was provided to this Court under separate cover.

that the warrant was supported by probable cause *(cf., People v Pimental,* 182 AD2d 80, 83-84). To the extent that defendant claims deprivation of the right to test the accuracy of the informant's information, insofar as she thought it relevant to the issue of probable cause, her remedy was to request a *Darden* hearing at which she could have submitted, in writing, any questions which she desired the Judge to put to the informant *(see, People v Darden, supra; People v Leale, supra,* at 612). This she failed to do.

Defendant's contention that she was entitled to disclosure of the informant's identity pursuant to the dictates of *People v Goggins* (34 NY2d 163, *cert denied* 419 US 1012) is also misplaced. *Goggins* stands for the proposition that where there develops *at trial* a risk of mistaken identification of the defendant and the informant could play a decisive role in resolving that issue, the prosecution is bound to disclose the informant's identity or forego further prosecution of the case. Such is not the case here.

■ We further reject defendant's contention that there was no basis for the issuing court to determine the informant's basis of knowledge and reliability as required by *Aguilar-Spinelli (see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410). To the contrary, the affidavit in support of the eavesdropping warrant clearly reflected the informant's basis of knowledge and the informant's credibility was corroborated by the pen register analysis. Furthermore, it is now firmly established that the sworn testimony and/or affidavit of an informant recounting his or her personal observations will support the issuance of a warrant without extrinsic evidence of the informant's reliability *(see, People v Santarelli,* 148 AD2d 775).

■ Before moving on to defendant's other contentions, we must consider the relevance to this case of the Court of Appeals' recent decision in *People v Liberatore* (79 NY2d 208). While defendant did not specifically complain of the People's failure to comply with the notice provisions of CPL 700.70, she did complain in her omnibus motion of the failure to provide the in camera information "under Articles 690 and 700 of the Criminal Procedure Law". Given her continued objection to the use of that information at the trial level and on appeal, we are constrained to consider this matter in the context of *Liberatore.*

In *Liberatore (supra),* the Court of Appeals was confronted

with the question, as we are here, of whether the People failed to comply with the notice provisions of CPL 700.70 when they failed to provide the defendant with the confidential informant's statement submitted in support of the application for the eavesdropping warrant. The Court noted "that where the disclosure of the identity of an informant is pertinent to establishing probable cause for arrest and search, an ex parte in camera hearing with respect to the existence of the informant and the alleged communication from that person strikes a proper balance between the defendant's rights and the competing interests of the State. However, where the defendant's guilt or innocence is at issue [at trial], disclosure of the informant's identity should not be resolved in an ex parte proceeding" *(People v Liberatore, supra,* at 215). In that case, as here, the defendant's guilt or innocence was not in issue, as the matter was not yet at the trial stage. Nonetheless, the Court of Appeals instructed that, in such cases, it must be determined that "the necessity for protecting the safety of an informant by withholding his identity as well as furthering the needs of law enforcement in an effort to stem the tide of ever burgeoning crime, are equally compelling interests" to the defendant's right to test whether a warrant is based on probable cause *(supra,* at 216). We view that language as addressing the situation where the informant's statement alone contains the pertinent facts establishing probable cause. Ergo, by not disclosing the informant's statement, a defendant would have no opportunity to challenge the claim that the warrant was supported by probable cause.

█ In this case, as previously noted, the warrant application provided to defendant, as well as the affidavit in support thereof, contained detailed summaries of the facts contained in the informant's nondisclosed statements, thereby providing defendant ample opportunity to challenge the warrant. Additionally, the informant was assured that, in exchange for the information provided, his or her identity would always remain anonymous. As noted by the Court of Appeals in *People v Darden (supra),* the continued flow of information to the police is dependent upon the *reliable assurance* that anonymity of informers will be preserved. We view the assurances given this informant to be "other compelling reasons" for nondisclosure as enunciated in *Liberatore (People v Liberatore, supra,* at 216). We hasten to add that had the District Attorney's application and Wido's affidavit not contained the detailed information concerning the informant's factual assertions,

thereby denying defendant the opportunity to challenge the basis for probable cause, a different result might obtain, absent a showing at the suppression hearing of the need for anonymity due to an ongoing investigation or danger to the person of the informant. In such a situation the District Attorney might well have to disclose the informant's in camera statements in violation of the assurances given or suffer suppression of the fruits of the warrant.

■ Defendant points to instances where the investigating officers intercepted nonpertinent calls and contends that this was a violation of the minimization requirements of CPL 700.30 (7), thereby necessitating suppression of all of the fruits of the wiretap. We disagree. A review of the record satisfies us that the investigating officers made a good-faith effort to keep the number of nonpertinent calls intercepted to a minimum (see, People v Floyd, 41 NY2d 245). Adequate minimization rules were communicated to the officers, regular reports were made to the issuing court, there was no indiscriminate interception of calls and a statistical analysis reveals that a low percentage of nonpertinent calls were actually intercepted (see, supra, at 250-253). To be sure, the record plainly reveals the interception of nonpertinent conversations. However, defendant's contention that the remedy is suppression of all of the fruits of the wiretap as opposed to suppression of the improperly recorded conversations is contrary to established law. Where, as here, it appears in retrospect that the minimization efforts have fallen short, as opposed to cases where the order is executed as if in defiance of the existence of minimization requirements, total suppression is unwarranted (cf., People v Brenes, 42 NY2d 41).

■ Defendant also argues that the eavesdropping warrant was based on material misrepresentations in that the District Attorney failed to reveal to the issuing court that 23 phone calls made to a tavern where defendant allegedly sold drugs were busy signals, not drug transactions. Initially, we note that the District Attorney merely represented that the 23 calls were made to the tavern, not that they constituted drug transactions. Additionally, the confidential informant represented that defendant was telephonically engaging in drug transactions with patrons at the tavern and the mere fact that calls were made to the tavern tended to corroborate that assertion.

■ Defendant next argues that she was denied her right to present evidence in support of her defense when the People

refused to grant immunity to George Moon, a codefendant previously convicted for the same crimes with which defendant stood charged. While a prosecutor possesses the discretion to determine when to immunize a witness *(see,* CPL 50.30), that discretion is subject to review for abuse where the prosecutor "builds his case with immunized witnesses but denies the defendant a similar opportunity or affirmatively threatens the defendant's witnesses with prosecution for perjury if they give evidence favorable to the defense" *(People v Adams,* 53 NY2d 241, 247). There was no such abuse here.

Defendant's remaining contentions have been reviewed and found lacking in merit in a companion case involving the same warrants *(see, People v Moon,* 168 AD2d 110, *lv denied* 78 NY2d 1078). Finally, we reject defendant's assertion that her sentence is harsh and excessive. The sentence is within the permissible statutory range *(see,* Penal Law § 70.06 [3] [b]; [4] [b]) and considering the amount of cocaine and other drugs possessed by defendant, as well as her extensive criminal history, we see no reason to disturb the sentence imposed by Supreme Court.

MIKOLL, J. P., YESAWICH JR., MERCURE and CASEY, JJ., concur.

Ordered that the judgment is affirmed.