■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILFORD BOWMAN, Appellant. [594 NYS2d 243] —Judgment, Supreme Court, New York County (Patricia A. Williams, J.), rendered April 30, 1991, which convicted defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentenced him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant was arrested after he sold a vial of cocaine to an undercover officer. Defendant's claim that he was deprived of *Rosario* material *(People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) because the People did not provide him with a copy of the arresting officer's buy corroboration report signed by the officer's supervisor, although he was provided with said report as completed by the arresting officer, is without merit. The People were not required to provide defendant with a signed copy of the buy corroboration report. The arresting officer's supervisor did not testify at trial *(People v Melendez,* 178 AD2d 366, 367, *lv denied* 79 NY2d 950) and there is no indication that the signed copy contained additional notations made by the arresting officer or her supervisor. In this regard, the arresting officer testified that she completed the report, removed a copy for herself, and gave the original and the remaining copies to her supervisor for signature, who then only signed the report, without making any changes. Further, since defendant received a copy of the completed report, no prejudice has been demonstrated *(People v Merchant,* 171 AD2d 887).

We have considered defendant's remaining claims and find them to be without merit Concur—Ellerin, J. P., Wallach, Asch and Rubin, JJ.