■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAHOUD WILLIAMS, Appellant. [596 NYS2d 583] —Yesawich Jr., J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered June 18, 1991, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Based upon the sworn affidavit of a confidential informant who claimed to have purchased drugs at an apartment at 259 Front Street in the City of Binghamton, Broome County, a Binghamton City Court Judge issued a search warrant for the premises. When the warrant was executed, various quantities of cocaine, vials and other drug-dispensing paraphernalia,

along with $75 in currency, were confiscated and defendant, along with several others, was arrested. Indicted on two counts of criminal possession of a controlled substance in the third degree, defendant moved to suppress the seized evidence, claiming that the affidavits supporting the search warrant, including that of the confidential informant, did not establish the requisite probable cause. After reviewing the documents in camera, County Court upheld the issuance of the search warrant. Defendant thereupon pleaded guilty to one of the counts charged in full satisfaction of the indictment and was sentenced, in accordance with the terms of his plea bargain, to a prison term of 2 to 6 years.

Defendant appeals his conviction and County Court's intermediate order upholding the validity of the search warrant; he maintains that County Court erred when it refused to grant his request to examine the confidential informant's affidavit. A review of the informant's supporting deposition, however, demonstrates that it would be impossible to redact it sufficiently to protect the identity of the informant and yet still retain enough substance to be meaningful. In these circumstances, it is proper for the court to conduct an in camera review of the confidential document (see, People v Castillo, 80 NY2d 578, 583-584; People v Greco, 187 AD2d 151, 155). Furthermore, the facts and circumstances from which the informant's knowledge is derived were adequately set forth in the warrant application itself, thus providing defendant with the information necessary to challenge the veracity and freshness of the informant's claims (see, People v Greco, supra, at 155-156). Given that effective law enforcement requires that the anonymity of confidential informants be protected to the maximum degree possible (see, People v Darden, 34 NY2d 177, 181), County Court's denial of defendant's request to review the affidavit was fully justified.

Also unconvincing is defendant's contention that his sentence should be modified in the interest of justice.

Weiss, P. J., Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed.