(December 1, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES L. WILSON, Appellant. [620 NYS2d 135] —Mikoll, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered February 25, 1992, upon a verdict convicting defendant of two counts of the crime of criminal possession of a controlled substance in the third degree.

Officers of the City of Binghamton Police Department and the State Police obtained and executed a search warrant on March 20, 1991 authorizing a search for, *inter alia,* cocaine at an apartment occupied by defendant and his girlfriend, Mary Carangelo. In the application for the warrant, Investigator Gerald Kushner alleged that he had spoken with a confidential informant who stated, *inter alia,* that he knew defendant, who was also known as "Ice", and had purchased cocaine from him at the apartment within the past 21 days, the most recent purchase within the last five days. The application was supported by the affidavit of the informant which was made available for in-camera review by the issuing Magistrate. On execution of the warrant, the police officers seized a quantity of cocaine and money.

Defendant was thereafter indicted and charged, in count one, with criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1] [with intent to sell]) and, in count two, with criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12] [possession of one-half ounce or more]). Following a jury trial, defendant was convicted of both counts. County Court subsequently denied defendant's postverdict motion to set aside the verdict pursuant to CPL 330.30 (1). Defendant was then sentenced as a second felony offender to indeterminate concurrent prison terms of 7½ to 15 years on each conviction.

On this appeal defendant claims that County Court erred (1) in ruling that certain statements made by him in the presence of the police upon the execution of the warrant were spontaneous and admissible, (2) in failing to impose more severe sanctions for alleged *Rosario* violations involving the destruction of certain notes made by Kushner of photocopies of "buy" money and in failing to permit defendant to review the informant's affidavit, (3) in allowing into evidence testimony regarding "buy money" found in the apartment on the theory

that defendant opened the door for such testimony in his cross-examination of Kushner, (4) in denying the suppression of evidence allegedly seized without probable cause and in denying his motion for disclosure of the informant's supporting affidavit for the search warrant, (5) in proceeding in the absence of defendant during a material stage of proceedings, (6) in failing to properly charge the jury that defendant's knowledge of the weight of the cocaine must be proven beyond a reasonable doubt, and (7) in failing to prove that defendant knew that the aggregate weight of the cocaine was one-half ounce or more as required by Penal Law § 220.16 (12). Additionally, defendant requests a reduction in the sentence imposed.

As to defendant's claim of error that his statement made in the presence of police at the scene should have been excluded, we note that while one officer asked the officer in charge what was to be done with money found in a fishbowl, defendant interjected, saying that the money "has nothing to do with this and that the money was for his granddaughter or was his granddaughter's money". This was properly found admissible. County Court could properly find that the statements of defendant were spontaneous and not the product of police interrogation (see, People v Jacobs, 196 AD2d 831, lv denied 82 NY2d 925; People v Betancourt, 173 AD2d 481).

We find no reversible error in the sanction imposed upon the People by County Court concerning alleged Rosario violations (see, People v Rosario, 9 NY2d 286, cert denied 368 US 866). Kushner made notes of the items found at the scene, prepared his report from these notes and then destroyed or lost the notes. County Court denied defendant's subsequent motion to dismiss or preclude Kushner's testimony, but did charge the jury that it could draw an adverse inference from the destruction of Kushner's notes. Considering the relevant circumstances, County Court did not abuse its discretion in imposing this sanction (see, People v Wallace, 76 NY2d 953; People v Martinez, 71 NY2d 937, 940; People v Quiles, 198 AD2d 448, lv denied 83 NY2d 857).

Defendant's argument that the destruction of photocopies of "buy" money found at the scene was a Rosario violation has not been demonstrated. The photocopies were not prior statements of a witness for the People (see, CPL 240.45 [1] [a]; People v Rosario, supra). Further, defendant's claim that the confidential informant's affidavit supporting the search warrant application was Rosario material is rejected since the informant did not testify at trial (see, e.g., People v Bowman,

191 AD2d 225, *lv denied* 81 NY2d 967; *People v Dennis,* 176 AD2d 956, *lv denied* 79 NY2d 919).

We also find unpersuasive defendant's argument that the admission of the testimony of Kushner upon his recall to the stand that some of the "buy" money found in the apartment was used by the confidential informant in purchasing narcotics from defendant was reversible error because it was evidence of uncharged crimes. County Court, having found that defendant's counsel opened the door to this testimony by his cross-examination of the police officers, could properly permit the People to explore the issue further *(see, People v Aarons,* 183 AD2d 496, *lv denied* 80 NY2d 827; *People v Acosta,* 180 AD2d 505, *lv denied* 80 NY2d 827).

There is also no merit to defendant's contention that County Court improperly denied his motion for disclosure of the confidential informant's supporting affidavit for the search warrant application which he believed was necessary to effectively lodge a challenge to the existence of probable cause for the warrant. Here, although it appears that the record lacked information as to why the informant's affidavit should be kept confidential *(see, People v Greco,* 187 AD2d 151, 155-156, *lv denied* 81 NY2d 1073; *People v Pimental,* 182 AD2d 80, 83), defendant's proper recourse was to request a *Darden* hearing *(see, People v Darden,* 34 NY2d 177, 182; *see also, People v Greco, supra,* at 156). In the absence of such request, defendant is properly precluded from asserting that the failure to hold a *Darden* hearing was error. Additionally, County Court considered the informant's affidavit and determined that it was sufficient under the *Aguilar-Spinelli* test *(see, Spinelli v United States,* 393 US 410; *Aguilar v Texas,* 378 US 108).

Defendant's contention that he was deprived of his right to be present at a material stage of the proceeding, namely during the *Sandoval* hearing, is also without merit. The supplemental record furnished by the People demonstrates that defendant was present at the *Sandoval* hearing. Thus, the record here is clear and there is no need to remit for a hearing to determine defendant's presence at the *Sandoval* hearing *(see, People v Odiat,* 82 NY2d 872; *People v McMoore,* 203 AD2d 612). In view of the People's concession that *People v Ryan* (82 NY2d 497) requires reversal of defendant's conviction of criminal possession of a controlled substance in the third degree, as charged in the second count of the indictment, and consent to the substitution of a conviction of criminal possession of a controlled substance in the seventh degree in

its place, we shall modify the judgment of conviction accordingly.

We reject defendant's assertion that his sentence was harsh and excessive and should be reduced in the interest of justice. In view of defendant's criminal history, the nature of the criminal activities involved in this case and the absence of a showing of the existence of extraordinary circumstances, we decline to disturb the sentence imposed on the first count of the indictment.

We have considered defendant's other arguments for reversal and find them without merit. However, remittal to County Court is required for resentencing as to the new conviction on the second count.

Cardona, P. J., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant of criminal possession of a controlled substance in the third degree under the second count of the indictment; said conviction is reduced to criminal possession of a controlled substance in the seventh degree and matter remitted to the County Court of Broome County for resentencing on said conviction; and, as so modified, affirmed.