■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM JORGE BENIQUEZ, Appellant. [628 NYS2d 115] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered March 30, 1992, convicting him of murder in the second degree, robbery in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review, the denial of the defendant's application for hearings to (1) challenge the lawfulness of his arrest and (2) suppress evidence seized at the time of his arrest.

Ordered that the judgment is reversed, on the law, a new trial is ordered to be preceded by *Mapp* and *Dunaway* hearings.

We agree with the defendant that the court should have granted his request for the production of certain foreign arrest warrants which furnished the basis for his arrest and permitted inquiry into the propriety of the warrants at a *Dunaway* hearing *(cf.,* CPL 120.80 [2]; *People v Pimental,* 182 AD2d 80). The record demonstrates that the defendant was initially placed under arrest solely upon the strength of arrest warrants issued by a Puerto Rican Court in connection with an unrelated crime. It was during his detention on the Puerto Rican warrants that the defendant provided the inculpatory statements which the People subsequently introduced at trial. The defendant requested production of the warrants during the pretrial *Huntley* hearing, but his request was denied. In denying the defendant's request, the court reasoned that any challenge to the legality of the arrest warrants was beyond the scope of a *Huntley* hearing and that, in any event, the arresting detective's hearing testimony concerning the warrants was sufficient to establish that they in fact existed and that the defendant's arrest was lawful.

In order to inquire into the legality of his arrest, the defendant was entitled to inspect the foreign arrest warrants *(People v Pimental, supra,* 182 AD2d, at 84). Under the cir-

cumstances presented, depriving the defendant of access to the warrants and the right to inquire into their legality denied him the opportunity to contest the lawfulness of his arrest *(cf., People v Wallace,* 155 AD2d 708, 709; *see also, People v Taylor,* 73 NY2d 683, 690).

We further find that the defendant was entitled to challenge the admissibility of physical evidence seized when he was arrested. The record reveals that after the *Huntley* hearing had been conducted and subsequent to jury selection, the People revealed that they intended to introduce certain physical evidence seized at the time of the defendant's arrest. The defense counsel once again raised the issue of the Puerto Rican arrest warrants and requested permission to challenge the legality of the seizure of the evidence at a pretrial hearing. The court denied the application, concluding that probable cause for the arrest had already been established at the prior suppression hearing at which a different Judge had presided.

Since the defendant had been improperly precluded from examining the arrest warrants and challenging their validity, he was never afforded a full and fair opportunity to litigate the issue of probable cause and, thus, whether the evidence recovered at the time of his arrest had been legally seized. Accordingly, the court's reliance upon the prior suppression ruling, in denying the defendant's request for a hearing in connection with the admissibility of the physical evidence, constituted error *(cf., People v Aguilera,* 82 NY2d 23, 31). Under the circumstances, the defendant should have been afforded the right to challenge the seizure of the physical evidence at a pretrial suppression hearing.

The trial court impermissibly altered its *Sandoval* ruling by allowing the prosecutor to cross-examine the defendant with respect to alleged bad acts beyond the prescribed boundaries of its original ruling. "It is error for a trial court to allow cross-examination of a defendant with regard to matters which the court had previously ruled would be excluded" *(People v Astacio,* 131 AD2d 684, 685; *see also, People v Fardan,* 82 NY2d 638, 646; *People v Beaumont,* 170 AD2d 513, 514; *People v Durham,* 154 AD2d 615; *People v Powe,* 146 AD2d 718, 719; *People v Oglesby,* 137 AD2d 840). Contrary to the People's contentions, the defendant did not open the door during his direct testimony to the extensive inquiries made by the prosecutor concerning alleged bad acts *(cf., People v Fardan, supra).*

The court further erred by allowing the prosecutor to call as

a rebuttal witness a detective who offered, *inter alia,* additional testimony with respect to alleged bad acts which were also beyond the scope of the court's original *Sandoval* ruling. The challenged portion of the detective's rebuttal testimony not only served as a further, and prejudicial, violation of the court's *Sandoval* ruling, it constituted an improper attempt to impeach the defendant's credibility with respect to a collateral matter *(People v Alvino,* 71 NY2d 233; *see also, People v Griffin,* 194 AD2d 738; *People v Hill,* 193 AD2d 619; *cf., People v Patterson,* 194 AD2d 570). Bracken, J. P., Thompson, Hart and Goldstein, JJ., concur.