■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES PETERSON, Appellant. [698 NYS2d 877] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered July 9, 1996, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court erred in failing to conduct an in camera hearing to determine whether he was entitled to full disclosure of a search warrant and supporting documents, which had been redacted to preserve the anonymity of the confidential informant. However, since the defendant did not request that the Supreme Court conduct such a hearing, his contention is unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, a defendant "has no absolute right to the identity, affidavits and testimony of the confidential informants" (*People v Delgado,* 134 AD2d 951; *see also, People v Lee,* 205 AD2d 708), and the redacted materials given to the defendant provided him with sufficient information to raise an argument that the warrant was not supported by probable cause (*see, People v Williams,* 192 AD2d 882; *People v Greco,* 187 AD2d 151). Under these circumstances, the Supreme Court properly rejected the defendant's challenge to the propriety of the redactions (*cf., People v Castillo,* 80 NY2d 578, *cert denied* 507 US 1033). Ritter, J. P., Joy, Goldstein and McGinity, JJ., concur.