Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered May 30, 2013, convicting him of promoting a sexual performance by a child (two counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Módica, J.), without a hearing, of that branch of the defendant’s omnibus motion which was to controvert a search warrant and his separate motion to suppress physical evidence on the ground that it was the product of an unlawful search by police.
Ordered that the matter is remitted to the Supreme Court, Queens County, for a hearing and a new determination thereafter of that branch of the defendant’s omnibus motion which was to controvert a search warrant and his separate motion to suppress physical evidence on the ground that it was the product of an unlawful search by police, and the appeal is held in abeyance in the interim. The Supreme Court, Queens County, shall file its report with all convenient speed.
The defendant was charged in an indictment, inter alia, with *1155 promoting a sexual performance by a child, based upon evidence obtained from a computer seized from his home upon the execution of a search warrant. The police detective who applied for the warrant averred in the warrant application that he had used certain software available to law enforcement agencies to investigate peer-to-peer file sharing networks, and through the use of this, and other programs and databases, ultimately identified an Internet Protocol address registered to the defendant’s home as having shared files on a peer-to-peer network, which contained child pornography.
The defendant filed an omnibus motion, inter alia, to controvert the search warrant, and later separately moved to suppress physical evidence on the ground that it was the product of an unlawful, warrantless search by police. The Supreme Court summarily denied both motions. The defendant thereafter pleaded guilty to two counts of promoting a sexual performance by a child.
Contrary to the People’s contention, the defendant’s purported waiver of his right to appeal was invalid. The record does not demonstrate that the defendant grasped the concept of the appeal waiver and the nature of the right he was forgoing (see People v Bradshaw, 18 NY3d 257, 267 [2011]; People v Argilagos, 136 AD3d 1050 [2016]; People v Sulsona, 134 AD3d 861 [2015]; People v Whitney, 125 AD3d 795 [2015]; People v Suazo, 120 AD3d 1270, 1271 [2014]).
In determining a motion to suppress evidence, the court “is required to grant a hearing if the defendant ‘raise [s] a factual dispute on a material point which must be resolved before the court can decide the legal issue’ of whether evidence was obtained in a constitutionally permissible manner” (People v Burton, 6 NY3d 584, 587 [2006], quoting People v Gruden, 42 NY2d 214, 215 [1977]; see CPL 710.60 [3] [a], [b]; People v Mendoza, 82 NY2d 415, 426 [1993]). “[T]he sufficiency of [a] defendant’s factual allegations should be evaluated by (1) the face of the pleadings, (2) assessed in conjunction with the context of the motion, and (3) defendant’s access to information” (People v Mendoza, 82 NY2d at 426).
In his omnibus motion, the defendant contended that the search warrant was not supported by probable cause. The defendant’s motion included detailed factual allegations regarding the functioning of peer-to-peer networks and, based on these assertions, challenged the detective’s contention in the warrant application that he was able to identify child pornography files that actually existed on the defendant’s computer. In his separate suppression motion, the defendant raised a factual *1156 dispute, inter alia, as to whether the use of certain software or other activity by the investigating detective prior to securing the warrant constituted a search of his computer. Accordingly, a hearing was required to resolve these factual disputes (see generally id. at 433-434; People v Jennings, 110 AD3d 738, 739 [2013]).
Further, the Supreme Court improperly, in the alternative, denied the defendant’s separate suppression motion as untimely. The motion was based upon facts of which the defendant had previously been unaware (see CPL 710.40 [2]; cf. People v Turner, 49 NY2d 925 [1980]). Moreover, the lateness of the separate motion did not delay the proceeding since it was made before the court had decided that branch of the defendant’s omnibus motion which was to controvert the search warrant. Under these circumstances, it is appropriate to consider the merits of the separate motion (see CPL 710.40 [2]; 255.20 [3]).
We, therefore, remit the matter for a hearing and a new determination thereafter of that branch of the defendant’s omnibus motion which was to controvert the search warrant and his separate motion to suppress physical evidence on the ground that it was the product of an unlawful search by police.
Balkin, J.P., Roman, Maltese and Connolly, JJ., concur.