People v Melendez (2018 NY Slip Op 06268)





People v Melendez


2018 NY Slip Op 06268


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-00698
 (Ind. No. 10306/14)

[*1]The People of the State of New York, respondent, 
v
Pedro Melendez, also known as Pete, appellant.


Paul Skip Laisure, New York, NY (Mark W. Vorkink of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Kayonia L. Whetstone of counsel; Arianna Clark on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry Kron, J.), rendered December 21, 2015, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Deborah Stevens Modica, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
The defendant's purported waiver of his right to appeal was invalid because the Supreme Court failed to sufficiently explain the appellate rights that the defendant was being asked to waive and did not explain that those rights were separate and distinct from the rights forfeited with a plea of guilty. The record does not demonstrate that the defendant "grasped the concept of the appeal waiver and the nature of the right he was forgoing" (People v Bradshaw, 18 NY3d 257, 267; see People v Worrell, 138 AD3d 1154, 1155; People v Sulsona, 134 AD3d 861, 861).
We agree with the hearing court's denial of that branch of the defendant's omnibus motion which was to suppress physical evidence. The credibility determinations of the Supreme Court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record (see People v Spann, 82 AD3d 1013, 1014; People v Smith, 77 AD3d 980, 981). Here, the record supports the Supreme Court's determination to credit the testimony of a police detective, experienced in policing drug crimes, that he witnessed furtive behavior of the defendant which was followed by the defendant's surreptitious exchange of a small white or tan object for currency in an area known for drug crime, followed by the buyer's fleeing when the police officers introduced themselves. This credible testimony demonstrated that probable cause existed for the defendant's arrest (see People v Jones, 90 NY2d 835, 837; People v McRay, 51 NY2d 594, 603-604; People v Williams, 69 AD3d 663, 664). Thus, we agree with the court's denial of that branch of the defendant's omnibus motion which was to suppress the physical evidence obtained from the defendant after his arrest.
The defendant's remaining contention is without merit.
DILLON, J.P., LEVENTHAL, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court