People v Lambey (2019 NY Slip Op 07793)





People v Lambey


2019 NY Slip Op 07793


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-07988
 (Ind. No. 179/17)

[*1]The People of the State of New York, respondent,
v
Darnell Lambey, appellant.


McCabe Coleman Ventosa & Patterson PLLC, Poughkeepsie, NY (David L. Steinberg of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered June 12, 2018, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a firearm, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to controvert a search warrant.
ORDERED that the matter is remitted to the County Court, Dutchess County, for an order directing the People to provide defense counsel with redacted copies of the search warrant applications at issue, and for a hearing and a new determination thereafter of that branch of the defendant's omnibus motion which was to controvert the search warrant, and the appeal is held in abeyance in the interim. The County Court, Dutchess County, shall file its report with all convenient speed.
The defendant was charged in an indictment, inter alia, with criminal possession of a controlled substance in the third degree and criminal possession of a firearm, based upon evidence obtained from his apartment upon the execution of a search warrant. The police investigator who applied for the initial search warrant averred in the warrant application that an undercover officer had bought narcotics from an individual known as "Money" and that the police had learned "Money's" legal name when the undercover officer identified the suspect in a photographic identification procedure. However, the police did not execute this search warrant, as it was discovered that the undercover officer had identified the wrong person as "Money." On the same day, the police applied for a second warrant. The investigator averred in the second warrant application, in addition to the information from the undercover officer, that a confidential informant had provided information that a person known as "Money" sold narcotics out of the premises and possessed a handgun. The second warrant was executed. The second warrant authorized the police to search for drugs, drug paraphernalia, and evidence of drug-related activity, as well as to search for handguns and to search a person known as "Money."
The defendant filed an omnibus motion, inter alia, to controvert the search warrant and to suppress physical evidence found upon its execution. The County Court summarily denied [*2]that branch of the defendant's omnibus motion. The defendant thereafter pleaded guilty to criminal possession of a controlled substance in the third degree and criminal possession of a firearm.
To establish probable cause, "a search warrant application must provide the magistrate with information sufficient to support a reasonable belief that evidence of illegal activity will be present at the specific time and place" (People v Edwards, 69 NY2d 814, 816; see People v Leggio, 84 AD3d 1116, 1117; People v Griffin, 28 AD3d 578, 578-579; People v Green, 10 AD3d 731, 731-732). That standard is not met where the conduct or activity said to supply probable cause was "as consistent with innocence as with guilt" (People v Edwards, 69 NY2d at 816; see People v Tambe, 71 NY2d 492, 502). "It is the general rule in this State that the issue of probable cause must be determined solely on the basis of a record fully available to the defendant'" (People v Pimental, 182 AD2d 80, 83, quoting People v Darden, 34 NY2d 177, 182).
In ruling on a motion to suppress evidence, the court "is required to grant a hearing if the defendant raise[s] a factual dispute on a material point which must be resolved before the court can decide the legal issue' of whether evidence was obtained in a constitutionally permissible manner" (People v Burton, 6 NY3d 584, 587, quoting People v Gruden, 42 NY2d 214, 215; see CPL 710.60[3]; People v Worrell, 138 AD3d 1154, 1155). In evaluating whether a defendant's factual allegations in a suppression motion are sufficient to warrant a hearing, the court must assess "(1) the face of the pleadings, (2) assessed in conjunction with the context of the motion, and (3) defendant's access to information" (People v Mendoza, 82 NY2d 415, 426).
We disagree with the County Court's decision to deny that branch of the defendant's omnibus motion which sought to controvert the search warrant without holding a hearing, as defense counsel did not have access to even a redacted copy of the search warrant applications at the time the motion was made (see People v Pimental, 182 AD2d at 83-84). Although in moving to controvert the search warrant, defense counsel did not make precise factual averments, he was not required to do so as he did not have access to the search warrant applications at issue (see People v Mendoza, 82 NY2d at 429).
Accordingly, we remit the matter to the County Court, Dutchess County, for an order directing the People to provide defense counsel with redacted copies of the search warrant applications at issue, which protect the identity of the confidential informant and the undercover officer, and for a hearing and a new determination thereafter of that branch of the defendant's omnibus motion which was to controvert the search warrant (see People v Worrell, 138 AD3d at 1156).
CHAMBERS, J.P., AUSTIN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court